IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN HILTABIDEL, | ) |
|                 Plaintiff, | ) ) ) |
| vs. | ) ) |
| WORLDWIDE ASSET RECOVERIES, LLC., | ) ) |
|                 Defendant. | ) |

## COMPLAINT

### INTRODUCTION

1. Plaintiff John Hiltabidel brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Worldwide Asset Recoveries, LLC. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### VENUE AND JURISDICTION

2. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue and personal jurisdiction in this District are proper because:

    (1) Defendant's collection communications were received by plaintiff within this District;

    (2) Defendant does or transacts business within this District.

### PARTIES

4. Plaintiff John Hiltabidel is an individual who resides in the Northern District of Illinois.

5. Defendant Worldwide Asset Recoveries, LLC is a limited liability company chartered under Nevada law with offices at 43280 Business Park Drive, Suite 101, Temecula, CA 92592.

6. Defendant Worldwide Asset Recoveries, LLC is engaged in the business

1

of using the mails and telephone to collect consumer debts originally owed to others.

7. Defendant Worldwide Asset Recoveries, LLC is a debt collector as defined in the FDCPA.

## FACTS

8. Defendant has been attempting to collect from plaintiff an alleged credit card debt incurred, if at all, for personal, family or household purposes.

9. On or about January 10, 2014, defendant called plaintiff's place of employment.

10. Defendant's representative was informed that Plaintiff was at lunch and not currently available.

11. Therefore, Defendant at that time now knew where Plaintiff was employed, and thus knew plaintiff's location information.

12. Defendant's representative proceeded to call back Plaintiff's place of employment later that afternoon and asked to "verify" plaintiff's employment, requesting information to fax a form for the employer to fill out.

13. When Plaintiff spoke to Defendant's representative the afternoon of January 10, 2014, Plaintiff requested that Defendant verify the debt in writing, sending him confirmation in writing the amount of the debt and to whom it was owed.

14. Defendant's representative refused to do so unless Plaintiff entered into a payment plan with defendant.

15. Plaintiff reluctantly agreed to a payment plan on January 10, 2014 only so that he could obtain validation of his purported debt in writing, and in response defendant sent plaintiff the letter attached as Exhibit A.

16. On information and belief, Exhibit A was the first letter defendant sent to plaintiff regarding the debt described therein.

17. On January 20, 2014, Plaintiff rescinded permission for Defendant to debit

any amounts from his bank pursuant to any prior payment plan, rescinding the prior agreement.

18. As a result of the conduct complained of, plaintiff suffered emotional distress, aggravation, and humiliation.

## COUNT I – FDCPA: 1692g

19. Plaintiff incorporates paragraphs 1-18.

20. Defendant violated 15 U.S.C. §1692g, by failing to provide the notice required by that section.

    i. Section 1692g provides:

**§ 1692g. Validation of debts**

**(a) Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

    **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts. If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt**

3

**collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability. The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings. A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions. The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

      (a)    Statutory damages;

      (b)    Actual damages;

      (c)    Attorney's fees, litigation expenses and costs of suit; and

      (d)    Such other and further relief as the Court deems proper.

### COUNT II - FDCPA: 1692c

21.    Plaintiff incorporates paragraphs 1-18.

22.    Defendant violated 15 U.S.C. §1692c by communicating with a third party for purposes other than obtaining location information, which it already had.

23.    Section 1692c provides:

**§ 1692c.    Communication in connection with debt collection [Section 805 of P.L.]**

**. . . (b) Communication with third parties--Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector. . . .**

  i. Section 1692b provides:

**§ 1692b. Acquisition of location information [Section 804 of P.L.]**

**Any debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall--**

**(1) identify himself, state that he is confirming or correcting location information concerning the consumer, and, only if expressly requested, identify his employer;**

**(2) not state that such consumer owes any debt;**

**(3) not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier response of such person is erroneous or incomplete and that such person now has correct or complete location information;**

**(4) not communicate by post card;**

**(5) not use any language or symbol on any envelope or in the contents of any communication effected by the mails or telegram that indicates that the debt collector is in the debt collection business or that the communication relates to the collection of a debt; and**

**(6) after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address, not communicate with any person other than that attorney, unless the attorney fails to respond within a reasonable period of time to communication from the debt collector. . . .**

24. "Location information" is defined in 15 U.S.C. §1692a(7) as "a consumer's place of abode and his telephone number at such place, or his place of employment."

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1) Statutory damages;

    (2) Actual damages;

5

    (3)  Attorney's fees, litigation expenses and costs of suit;

    (4)  Such other and further relief as the Court deems proper.

### COUNT III - FDCPA: 1692e10

25. Plaintiff incorporates paragraphs 1-18.

26. Section 1692e provides:

> **§ 1692e. False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

27. Defendant's representative telling Plaintiff that they will not validate his debt in writing unless he enters into a payment plan is a false representation in an attempt to collect a debt, in violation of 1692(e)(10).

WHEREFORE, the Court should enter judgment in favor of plaintiff and against defendant for:

    (1)  Statutory damages;

    (2)  Actual damages;

    (3)  Attorney's fees, litigation expenses and costs of suit;

    (4)  Such other and further relief as the Court deems proper.

                                        s/Daniel A. Edelman
                                        Daniel A. Edelman

Daniel A. Edelman  
Cathleen M. Combs  
James O. Latturner  
Cassandra P. Miller  
EDELMAN, COMBS, LATTURNER  
      & GOODWIN, L.L.C.  
120 S. LaSalle Street, 18th Floor  
Chicago, Illinois 60603  
(312) 739-4200  
(312) 419-0379 (FAX)

## NOTICE OF LIEN AND ASSIGNMENT

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.

                                   s/Daniel A. Edelman
                                   Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)